NOTE CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAGROW TELECOM TECH CO., LTD., a Chinese company,<br><br>Plaintiff,<br><br>vs.<br><br>GENTEC ENTERPRISES, INC., a California corporation,<br><br>Defendant. | CASE NO. CV13-08799-RGK(SSx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>NOTE CHANGES MADE BY THE COURT |

    Plaintiff Shagrow Telecom Tech Co., Ltd. ("Shagrow" or "Plaintiff") and Defendant Gentec Enterprises, Inc. ("Gentec" or "Defendant"), by and through undersigned counsel, submitted a Stipulation for Protective Order, which shall be the Order of the Court. This Protective Order governs the production of documents, books and records, as follows:

### DEFINITIONS

1. As used in this Protective Order, the defined terms shall have the following meaning:

    i)      "Designating Party" means any Party who designates Material as Confidential Material;

    ii)      "Discovering Counsel" means counsel of record for a Discovering Party;

    iii)      "Discovering Party" means the Party to whom Material is being Provided by a Producing Party;

iv) "Confidential Material" means any Material designated as CONFIDENTIAL pursuant to Paragraph / Section 2 and in accordance with the terms of this Protective Order;

v) "Court" means any federal court or arbitral forum having jurisdiction in this action;

vi) "Material" means any document, testimony (including deposition testimony) or information in any form or medium whatsoever, including, without limitation, any written, printed, or electronic matter provided in this action by a Party after the date of this Protective Order;

vii) "Party" means any Party to this action, or its attorneys of record;

viii) "Producing Party" means any Party who Provides Material during the course of this action;

ix) "Provide" means to produce any Material, whether voluntarily or involuntarily, whether pursuant to request, process, or any other order, and whether in accordance with the *Federal Rules of Civil Procedure* or otherwise.

## CONFIDENTIAL DESIGNATIONS

2. A Producing Party may designate as "CONFIDENTIAL" any Material provided to a Party that contains or discloses material non-public insider information, confidential and/or commercially sensitive financial information, personnel files and other sensitive or proprietary information relating to the Producing Party that has or could have commercial value to the Producing Party, provided however, that Confidential Material does not include any Material that: **(a)** is or becomes generally available to the public, other than as a result of disclosure or actions by any receiving Party in contravention of this stipulation; **(b)** is disclosed to any Party on a non-confidential basis from a source (other than the Producing Party, Designating Party, or its counsel) which is not known by such Party **(i)** to be prohibited from disclosing such Material to such Party and **(ii)** to have received such Material as a result of any breach of any other confidentiality agreement or other obligation to keep

such Material confidential; **(c)** was legitimately in such Party's possession prior to the date of this Protective Order; or **(d)** is developed by any receiving Party or its affiliates without relying on or otherwise referring to or based upon Confidential Material at the time such Material was so developed. By designating any Material as "CONFIDENTIAL," under the terms of this Protective Order, the Producing Party and Designating Party is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Fed. R. Civ. P. 26(c)(1)(G) and 26(g), and that disclosure of such Material would be harmful to the Producing Party's interest in the Material.

3. A Producing Party may designate Confidential Material for protection under this Protective Order by either of the following methods:

i) By physically stamping each page of such documents "CONFIDENTIAL" prior to Providing it to a Party.

ii) By identifying with specificity in writing to the Discovering Party any previously Provided Material which was not designated as CONFIDENTIAL prior to its production. For purposes of this method of designation, it will be a sufficiently specific identification to refer to the bates numbers or deposition page numbers of previously Provided Material. Where a Producing Party designates previously Provided Material as Confidential Material pursuant to this subparagraph, the Producing Party will follow the procedures set forth in the previous subparagraph for designating confidential Material, and Provide to the Discovering Party additional copies of the previously Provided Material marked with the inscription described in the previous subparagraph. Upon receipt of the additional copies which comply with the procedures set forth in the previous subparagraph, the Discovering Party will immediately return to the Producing Party the previously Provided Material at the Producing Party's expense, or alternatively, will destroy all the previously Provided Material, at the option of the Producing Party. For previously Provided Material, which

was not designated as Confidential Material at the time of its being Provided, this Protective Order shall apply to such materials beginning on the date that the Producing Party makes such designation.

**RESTRICTIONS ON USE OF DESIGNATED MATERIAL**

4. Confidential Material shall not be disclosed, nor shall its contents be disclosed, to any person other than those described in Paragraph 11 of this Protective Order and other than in accordance with the terms, conditions and restrictions of this Protective Order.

5. Confidential Material designated as CONFIDENTIAL shall not be disclosed to any actual or reasonably foreseeable competitor or potential competitor of any Party.

6. All Confidential Material shall be kept secure by Discovering Counsel and access to Confidential Material shall be limited to persons authorized pursuant to Paragraphs 11 and/or 12 of this Protective Order.

7. Except with prior written consent of the parties, no attorney for a Party to the litigation to which this Protective Order applies may disclose, discuss or describe at any time during this litigation or thereafter CONFIDENTIAL MATERIAL or its contents, except to the following persons and subject to the limits of Paragraphs 6 through 10 and the other paragraphs of this Protective Order:

   i) Counsel of record working on this action on behalf of any Party and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretaries, and clerical staff;

   ii) Court reporters and their staff;

   iii) The Court, jurors, and any Person employed by the Court whose duties require access to Confidential Material;

   iv) Percipient witnesses, including the parties, in accordance with the procedures set forth in Paragraphs 13 and/or 14;

   v) Experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the

       preparation of this action, in accordance with the procedures set forth in Paragraphs 13 and/or 14;

vi)   Officers or employees of a Party to the extent deemed necessary by counsel, for the prosecution or the defense of the litigation, in accordance with the procedures set forth in Paragraphs 13 and/or 14;

vii)   Photocopy service personnel who photocopied or assisted in the photocopying or delivering of documents in this litigation;

viii)   Any Person identified on the face of any such Confidential Material as an author or recipient thereof;

Any Person who is determined to have been an author and/or previous recipient of the Confidential Material, but is not identified on the face thereof, provided there is evidence of actual authorship or receipt of the Confidential Material by either the prior testimony of the person to whom the Disclosing Party will show the document, or other evidence independent of the person to whom the disclosing party will show the document;

ix)   Any Person who is believed in good faith to have knowledge of the Confidential Material; and

x)   The Parties shall make a good faith effort to limit dissemination of Confidential Material within these categories to Persons who have a reasonable need for access thereto.

**UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER**

8.   Before Discovering Counsel may disclose Confidential Material to any Person described in subparagraphs 11(iv), (v), and (vi), and 12(iii) and (iv) above, the Person to whom disclosure is to be made shall read a copy of this Protective Order, shall evidence his or her agreement to be bound by its terms, conditions, and restrictions, and shall retain a copy of this Protective Order, with a copy of his or her signed Undertaking attached.

9.   Discovering Counsel shall keep a copy of the signed Undertaking for each

person described in subparagraphs 11(iv), (v), and (vi), and 12(iii) and (iv) to whom Discovering Counsel discloses Confidential Material.

## OBJECTIONS TO DESIGNATION

10. Any Party may at any time notify the Designating Party in writing of its contention that specified Material designated as Confidential Material is not properly designated as CONFIDENTIAL because such Material does not meet the standards set forth in Paragraphs 2 through 5 of this Protective Order or applicable law. In the event a party to this Protective Order objects to the designation of any material as CONFIDENTIAL, the objecting party shall provide to the Designating Party written notice of its objections to the designation. The Parties shall meet and confer *following L.R. 37. See L.R. 37.* ~~in a good faith effort to resolve any such disputes on an informal basis. If the dispute cannot be resolved informally, the objecting party shall have up to the statutory time frame to file an appropriate Motion to Compel with the Court.~~ If no motion is filed within the statutory time frame, or any mutually agreed upon extension of time, the Material will remain Confidential. However, a party may renew an objection to designation upon the discovery of new facts or a change of circumstances that constitute good cause for de-designation. Pending resolution of any motion filed pursuant to this paragraph, all Persons bound by this Protective Order shall continue to treat the Material, which is the subject of the motion as Confidential Material. ~~In ruling on any such motion, the court will be guided by the *Federal Rules of Civil Procedure* in determining whether to award costs, attorney's fees, or other sanctions, except that sanctions shall only be awarded against a Party who makes or opposes the motion in bad faith.~~ *(SHS)*

## SCOPE OF THIS PROTECTIVE ORDER

11. Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any Party or Person:

   i) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected as work product or privileged under federal law, Material as to which the

Producing Party claims a legal obligation not to disclose, or Material not required to be provided pursuant to federal law;

ii) to seek to modify or obtain relief from any aspect of this Protective Order;

iii) to object to the use, relevance, or admissibility at trial or otherwise of any Material, whether or not designated in whole or in part as Confidential Material governed by this Protective Order;

iv) to seek a protective order to further restrict the disclosure of specific Confidential Information or to correct any prior failure to designate Confidential information, which shall be maintained in such confidence upon notice that such an order will be sought until the ruling on such order or other agreement by the Parties; and

v) otherwise to require that discovery be conducted according to governing laws and rules.

12. Designation of Material as Confidential Material on the face of such Material shall have no effect on the authenticity or admissibility of such Material at trial.

13. The limitations and conditions upon the use and disclosure of Confidential Material contained in this Protective Order do not apply to a Designating Party's use and disclosure of its own Material, unless the Discovering Party also designates such materials as Confidential. Nothing herein shall preclude a Discovering Party from challenging a Designating Party's designation of Material as Confidential Material based upon the Designation Party's use and disclosure of such Material to non-parties.

14. The restrictions set out in the Protective Order shall not apply to any Material that:

i) At the time it is Provided, is available to the public;

ii) After it is Provided, becomes available to the public through no act, or failure to act, of the Discovering Party;

iii) The Discovering Party can show:

(a) Was already known to the Discovering Party independently of receipt of the Confidential Material in this or prior litigation; or

(b) Was received by the Discovering Party, after the time it was designated as Confidential Material hereunder, from a third party having the right to make such disclosure; or

iv) The Discovering Party is required to produce pursuant to a valid subpoena, civil investigative demand or similar legal process to which the Discovering Party is obligated to comply.

15. To the extent materials or information designated as Confidential Material are governed by by Federal Rules of Civil Procedure 5.2, the parties shall comply with US Central District Local Rule 5.2 when filing or submitting such materials to this court.

To the extent materials or information designated as Confidential Material are submitted to or filed with this court in connection with discovery proceedings, all documents and chamber copies containing such information shall be ~~in~~ sealed envelopes ~~or other appropriate sealed containers with a copy of the first page of the document attached (redacting Confidential Material as necessary)~~. [handwritten: filed following L-R. 79.] The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE COURT, CONTAINS CONFIDENTIAL INFORMATION AND IS NOT TO BE OPENED OR THE CONTENTS REVEALED, EXCEPT BY ORDER OF THE COURT OR AGREEMENT BY THE PARTIES.

To the extent materials or information designated as Confidential Material are to be submitted to any other court, the parties shall take all appropriate steps to comply with all rules of that jurisdiction governing the filing and/or sealing of confidential information, and/or to otherwise file and/or submit such information in confidence and under seal.

**INADVERTENT DISCLOSURE OF PRIVILEGED MATERIALS**

16. Should any Confidential Materials be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the Disclosing Party shall use its best efforts to bind such person to the terms of this Protective Order; and the Disclosing Party shall:

i) promptly inform such person of all the provisions of this Protective Order;

ii) identify such person immediately to the Designating Party; and

iii) request such person to sign the Certificate in the form attached hereto as Exhibit A.

Good Cause Appearing, SO ORDER: *as amended*

DATED: ~~March~~ April 2, 2014

_____
Judge of the Central District

# EXHIBIT A

## UNDERTAKING RE: PROTECTIVE ORDER

I, _____, acknowledge that I have read the Stipulated Protective Order entered in this action SHAGROW TELECOM TECH CO. LTD. v. GENTEC ENTERPRISES, INC., United States District Court Case No. CV13-08799-RGK(SSx).

I understand the terms of the Stipulated Protective Order, and I agree to be bound by it. I further understand that a violation of this Stipulated Protective Order may be punishable as a contempt of court.

_____
Date

_____
Signature